**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcus PORTER, Defendant–**
**Appellant.**

**No. 08–17165**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 5, 2009.

Lennard B. Register, III, U.S. Attorney's Office, David L. Goldberg, Pensacola, FL, E. Bryan Wilson, Tallahassee, FL, for Plaintiff–Appellee.

Gwendolyn L. Spivey, Randolph P. Murrell, Federal Defender Office, Tallahassee, FL, for Defendant–Appellant.

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Porter, through counsel, appeals the district court's denial of his counseled motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Porter's motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. The court denied Porter's motion because Amendment 706 did not affect his mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A), even though he received a downward departure under Fed. R.Crim.P. 35(b). On appeal, Porter submits that the district court erred in denying his § 3582(c)(2) motion, but he acknowledges that his position is controlled by this Court's decision in *United States v. Williams,* 549 F.3d 1337 (11th Cir.2008), and provides that he merely is preserving the issue in the event the *Williams* is altered or reversed. Porter submits that *Williams* was decided wrongly because it overlooked that the Sentencing Commission used "guideline range" as "a precise term of art," submitting that a "guideline range" is "wholly distinct" from a "guideline sentence." Porter also argues that *Williams* offends the policy of encouraging defendants to provide substantial assistance.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of

imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

As Porter concedes on appeal, the district court did not err in denying his § 3582(c)(2) motion because, even though he received a downward departure under Fed.R.Crim.P. 35(b), his sentence was based on the statutory minimum term of imprisonment, not his otherwise applicable range calculated under U.S.S.G. § 2D1.1. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)); *Williams,* 549 F.3d at 1339–42 (holding that the district court did not have the authority to grant Williams a reduction because Amendment 706 had no effect on his statutory minimum term of imprisonment, which had become his guideline range, even though he received a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)).

Based on our review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**